CRAIN, J.
|.2Mike and Linda Babin, individually and as class representatives, appeal a judgment of the trial court sustaining an exception of peremption and dismissing their suit challenging' a fire protection assessment fee added to the water bills of certain residents of West - Feliciana Parish. > We affirm.
FACTS AND PROCEDURAL HISTORY
The Babins own a lot in the Bluffs on Thompsons Creek subdivision in West Fe-liciana Parish. They instituted this suit to challenge a fee of $12.75 added to the monthly water bill of residents of the Bluffs. Named as defendants were the Parish of West Feliciana, Consolidated Waterworks District No. 13, and the West Feliciana Parish Police Jury (collectively, “the defendants”).
According to the record before us, the West Feliciana Parish Fire Marshal determined there was ah insufficient water supply in the area of the Bluffs that affected the issuance of building permits and further development within the Bluffs. Bluffs Management Company then entered into an agreement with thé West Feliciana Parish Police Jury for the management company to construct an eight-inch water-line loop along Freeland Road, that would then be purchased by the Po *448 lice Jury. To fund the purchase, the Police Jury issued certain Series 2007, Certificates of Indebtedness (the bonds) pursuant to resolutions that were published in September, October, and November 2007. To pay off the bonds, the Police Jury established a $12.75 monthly fee to be assessed to the water customers who directly bene-fitted from construction of the water loop. Beginning October 22, 2007, the $12.75 fee was added to the monthly water bills of residents of the Bluffs.
Over a year later, in December 2008, the Babins sought a judgment declaring that the monthly fee was absolutely null and void because no ordinance or resolution [¡¡was adopted, no public hearings were held, no notices were published, because it is unclear how the fee amount was calculated, and because the fee was levied pursuant to an agreement with a private party and entered into during private discussions in closed meetings, in violation of law.[1] They additionally sought a refund of all funds collected.. On the Babins’ motion, the case was certified as a class action, with the class defined as those residents of the Bluffs subdivision who have paid the $12.75 monthly fee at issue and the Babins named as class representatives (referred to herein in both capacities as “the Ba-bins”).
The defendants urged several exceptions to the claims set forth in the petition, including an exception of peremption. Specifically, the defendants claimed that the suit challenged their compliance with Louisiana law on the bond financing for the purchase of the water loop, and since it was filed more than thirty days after publication of the resolutions authorizing issuance of the bonds and providing for the security and payment of the bonds, the suit was perempted. The trial court agreed, sustained the exception of peremption, and dismissed the suit. The Babins now appeal.
DISCUSSION
The trial court found that the Ba-bins’ claims were extinguished by operation of peremption. Peremption is a period of time fixed by law for the existence of a right. La. Civ.Code art. 3458. A per-emptive period may not be renounced, interrupted, or suspended. La. Civ.Code art. 3461. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. Civ.Code art. 3458.
| ¿Evidence may be introduced to support or controvert the exception of per-emption, in which case the court is not bound to accept the allegations of the plaintiffs petition as true. See La.Code Civ. Pro. art. 931; Lemont v. Bennett, 14-2483 (La.6/30/15), 172 So.3d 620, 627, Further, the trial court’s factual findings are subject to the manifest error-clearly wrong standard of review, meaning that if the findings are reasonable in light of the record reviewed in its entirety, the appellate court cannot reverse, even if convinced it would have weighed the evidence differently. Boes Iron Works, Inc. v. M.D. Descant, Inc., 14-0270 (La.App. 1 Cir. 9/19/14), 164 So.3d 555, 558
The defendants’ exception and the trial court’s ruling, sustaining that exception are premised upon application of the peremptive period for contesting political subdivision bonds established by Louisiana Constitution article VI, section 35(B), which pertinently provides:
For thirty days after the date of publication [of the bond resolution], any person *449 in interest may contest the legality of the ... resolution and of any provision therein made for the security and payment of the bonds. After that time, no one shall have any cause of action to test the regularity, formality, legality,' or effectiveness of ... the resolution, and provisions thereof for any cause whatever. Thereafter, it shall be conclusively presumed that every legal requirement for the issuance of the bonds or other debt obligation ... has been complied with. No court shall have authority to inquire into any of these matters after the thirty days.
Accordingly, pursuant to Article VI, section 35(B), “any challenge to the legality of the resolution and any provision made for the security and payment of the bonds must be asserted within thirty days of the publication of the resolution.” Denham Springs Economic Development District v. All Taxpayers, Property Owners and Citizens of the Denham Springs Economic Development District, 05-2274 (La.10/17/06), 945 So.2d 665, 685.
■ |RIn support of its exception, the defendants offered exhibits, including the August 9, 2007 resolution that provided the bonds would be paid for with excess revenues, and published minutes of the meeting at which the defendants explained the decision' to assess an additional fee' to those benefitting from the increased fire protection provided by the water loop. The defendants additionally offered the October 9, 2007 resolution, establishing the $12.75 monthly fee for payment of the bonds.
The Babins do not dispute that the fee was provided for in the resolutions as the means to satisfy the indebtedness secure^ by the bonds. In fact, the Babins did not offer any evidence in opposition to the defendants’ exception. Instead, the Ba-bins argue that the defendants did not have the authority to pass the resolution assessing the fee to only certain clients.[2] Although the Babins claim to bring a nullity challenge based on the defendants’ authority to pass the resolution, the provisions for assessment of the fee to repay the bond indebtedness were set forth in the resolutions; therefore, the Babins’ challenge is subject to the peremptive period established by Article VI, Section 35(B). The Louisiana Supreme Court has explained:
After the thirty-day period, any right to contest .the regularity, formality, legality, or effectiveness of the resolution, any provision of the bonds, the provisions for the security and payment of the bonds, and the validity of all other provisions relating to their authorization and issuance for any cause whatsoever is extinguished, and it is conclusively presumed that the bonds, the legal documents providing for the bonds, and all security for the bonds are legal and every legal requirement for the issuance of the bonds has been satisfied.
Denham Springs Economic Development District, 945 So.2d at 686. Moreover, since the challenge was made more than thirty days after the publication of the resolutions, it is untimely and, pursuant to the plain language of Article VI, Section 35(B), no court has the authority to inquire into these matters.
The trial court correctly sustained the defendants’ exception of peremption.
CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining the exception *450 of peremption and dismissing this suit is affirmed. Costs of this appeal are assessed to the Babins.
AFFIRMED.

. The Babins' petition also set forth claims under Louisiana’s public records law; however, those claims were voluntarily dismissed and are no longer at issue.

. The record does not contain any memorandum filed by the Babins in opposition to the defendants' exceptions, and the clerk of court for the trial court has confirmed that none was filed. The referenced argument was presented at the hearing orí the exception.